```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:06-00253

**ROBERT M. HARVEY**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On August 17, 2022, the United States of America appeared by Jennifer Rada Herrald, Assistant United States Attorney, and the defendant, Robert M. Harvey, appeared in person and by his counsel, Roger L. Lambert, Esq., for a hearing on a petition seeking revocation of supervised release, submitted by United States Probation Officer Douglas W. Smith. The defendant commenced a lifetime term of supervised release in this action on March 22, 2022, as more fully set forth in the Judgment in a Criminal Case Order entered by the court on February 28, 2008.

The court heard the admissions and objections of the defendant, the evidence adduced by the parties, and the representations and arguments of counsel.

Pursuant to the court's findings of fact and conclusions of law as enumerated in open court on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects: (1) on June 29, 2022, the defendant, in violation of the supervised release condition to not possess or use a computer or other device capable of Internet access until a Computer Use Agreement is approved, was in possession of an iPhone 13 Pro Max without the approval of the program staff at Dismas Charities, where he was then residing as a further condition of his supervised release, or the probation officer, which iPhone the defendant admitted contained nude images of two 13 year old boys and of multiple 16 and 17 year old boys; (2) on June 7, 2022, the defendant, in violation of the supervised release condition to not associate or have verbal, written, telephonic or electronic communications with any person under the age of 18 without written approval of the probation officer, had contact with his two-year old cousin, E. R., when the defendant did not have permission from the probation officer to have contact with this child; (3) on June 1, 2022, the probation officer conducted a forensic extraction of the data on the Onn. 128 gigabyte Micro Secure

Data (SD) card located in the defendant's cellphone that was previously seized on April 28, 2022, and the defendant, in violation of the supervised release condition to not purchase, possess, or control cameras, camcorders or movie cameras without prior approval of the probation officer (the defendant being permitted to only use and possess cell phones that are limited by design to vocal telephonic communications), without such prior approval had possession of the SD card, and used the cellphone camera to take pictures of another resident that he transferred to his own cellphone; (4) on April 28, 2022, a forensic examination was conducted on the defendant's Gab2 wireless cellphone, and on June 1, 2022, an additional forensic examination was conducted on the Onn. 128 gigabyte Micro SD card that was stored on the wireless cell phone, wherein seven images of the defendant's two-year old cousin, E.R., and one image of a young boy approximately three years of age, were found when the defendant was not allowed to possess any collection of children's pictures except pictures of children of the defendant who is childless; (5) On June 29, 2022, the defendant was in possession of the unauthorized iPhone 13 Pro Max in violation of the Dismas program rules, being contrary to the conditions of his supervised release that he comply with all Dismas rules, the defendant being deemed a program failure but restricted to the

3

program for the safety of the community; all as set forth in the petition, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release was not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action, be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), and the government's request for an upward departure, that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of THIRTY-SIX (36) MONTHS, and a term of supervised release of LIFE, upon the same terms and conditions as heretofore, except the condition that the defendant shall reside at Dismas Charities, residential reentry center, in St. Albans, West

Virginia for a period of up to 180 days as a condition of supervised release is no longer imposed.

The defendant requested and the court recommended that the defendant be housed at FMC Devens, Massachusetts, if feasible, and that the defendant have continued access to treatment for sex offenders that he received during his prior incarceration.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  August 23, 2022

_____
John T. Copenhaver, Jr.
Senior United States District Judge